UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHANNON L. HATFIELD,<br><br>                  Plaintiff<br><br>v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>                  Defendant.<br>_____/ | Civil Action No.: 17-12695<br>Honorable Stephen J. Murphy, III<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION ON CROSS-
MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 17, 21]**

      Plaintiff Shannon Hatfield appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion [ECF No. 21] be **GRANTED**;
- Hatfield's motion [ECF No. 17] be **DENIED**; and

- the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

## I.  BACKGROUND

### A.  Hatfield's Background and Disability Applications

Born March 5, 1980, Hatfield was 33 years old at the time of her alleged onset date of September 13, 2013.  [ECF No. 15-2, Tr. 11, 32].  She submitted her application for disability benefits in October 2014 and was insured for DIB purposes through December 31, 2018.  [*Id.*, Tr. 11, 13].  Hatfield has previous work as a waitress.  [*Id.*, Tr. 21].  She claimed to be disabled by osteoarthritis in both legs, multiple sclerosis,[1] carpel tunnel syndrome, right hand, arthritis, left hand and bi-polar disorder.  [ECF No. 15-3, Tr. 47].

After the Commissioner denied her disability application initially, Hatfield requested a hearing, which took place in December 2016, during which she and a vocational expert (VE) testified.  [R. 15-2, Tr. 29-46].  In a March 3, 2017 written decision, the ALJ found Hatfield to be not disabled.  [*Id.*, Tr. 11-22].  The Appeals Council denied review, making the ALJ's

---

[1] Despite multiple references to multiple sclerosis in the record, Hatfield denied any history of this impairment during her examination by Dr. Nims. [ECF No. 15-2, Tr. 18].

decision the final decision of the Commissioner, and Hatfield timely filed for judicial review. [*Id.*, Tr. 1-3; ECF No. 1].

### B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found.[2] *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will

---

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

3

find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Hatfield was not disabled. At the first step, he found that she had not engaged in substantial gainful activity since her alleged onset date. [ECF No. 15-2, Tr. 13]. At the second step, the ALJ found that Hatfield had the severe impairments of "degenerative disc disease, osteoarthritis, and carpal tunnel syndrome.[3] [*Id.*]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 14].

Between the third and fourth steps, the ALJ found that Hatfield had the RFC to perform the full range of light work as defined in 20 C.F.R.

---

[3] The ALJ determined alleged conditions of depression, restless legs and dizziness were not medically determinable impairments, and that despite Hatfield's prior medical history of bipolar disorder, the record contained no mental health treatment or active mental impairments diagnoses. [ECF No. 15-2, Tr. 13].

4

404.1567(b). [*Id.*, Tr. 14-20]. At step four, he found that Hatfield could perform past relevant work as a waitress, and thus was not disabled. [*Id.*, Tr. 21].

## II. ANALYSIS

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Hatfield argues that the ALJ violated the treating physician rule, did not properly assess the opinion of her chiropractor, and did not adequately explain his rejection of her testimony regarding her limitations in standing and sitting, using her hand, knees and shoulder and due to her depression. The Court disagrees and recommends that the ALJ's decision be affirmed.

**A.**

Hatfield contends that the ALJ erred by discrediting the opinion of treating doctor, Scott Graves, M.D., who issued a one-page report on Hatfield's conditions dated October 1, 2016. [ECF No. 15-8, Tr. 390]. In the report, Dr. Graves details Hatfield's complaints of pain and strain with arthritis in her cervical spine, lumbar spine, right shoulder and both knees, and states that these ailments were treated with physical therapy and pain medication. [*Id.*] He opined that Hatfield "is unable to perform meaningful work for pay in any capacity that involves use of her right shoulder, knees, cervical spine and lumbar spine" due to acute and chronic pain. [*Id.*]

The ALJ considered Dr. Graves's report, but afforded it little weight. [ECF No.15-2, Tr. 20]. This was not error. The "treating physician rule" requires an ALJ to give controlling weight to a treating physician's opinions regarding the nature and severity of a claimant's condition when those opinions are well-supported by medically acceptable clinical and diagnostic evidence, and not inconsistent with other substantial evidence. *Gentry*, 741 F.3d at 727-29; *Rogers,* 486 F.3d at 242-43. But to qualify as a "medical opinion" entitled to controlling weight, the treating physician's opinion must reflect "judgments about the nature and severity of [the

claimant's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Dr. Graves's report is not a "medical opinion" to which an ALJ is required to defer as he offered no finding as to any specific limitations or the extent to which Hatfield is able to function despite her impairments. Indeed, the only judgment regarding the nature and severity of Hatfield's condition in Dr. Graves's report are blanket assessments that she is unable to perform meaningful work for pay and that she is permanently disabled. [ECF No. 15-8, Tr. 390]. The ALJ was not required to defer to those blanket assessments because the determination of whether Hatfield is disabled is an issue reserved solely for the Commissioner. *Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 340 (6th Cir. 2008).

Still, the ALJ was required to give Dr. Graves's assessments careful consideration. Social Security Ruling 96–5p, 1996 WL 374183, at *2 (July 2, 1996), ("[A]djudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner."). The ALJ considered Dr. Graves' opinion but gave it little weight because of the lack of objective findings in the record, and in particular the absence of treatment notes from Dr. Graves, the essentially

7

normal examinations from other physicians, and the relatively minor abnormalities in imaging studies. [ECF No. 15-2, Tr. 20].

Hatfield argues that the ALJ erred in discrediting Dr. Graves's opinion based on his (Dr. Graves's) failure to submit treatment notes. [ECF No. 17, PageID.612-13]. She asserts that the ALJ had an independent duty to secure critical records. [*Id.*]. The Commissioner counters that ALJs have no such duty when, as here, a plaintiff was represented by counsel at the hearing. [ECF No. 21, PageID.642-43]. The Commissioner further argues that this argument was waived when Hatfield's attorney notified the ALJ that all medical records had been submitted after the ALJ held the record open at the conclusion of the hearing to permit the submission of additional medical records. [ECF No. 15-6, Tr. 208]. The Court agrees with the Commissioner; as a general rule, "[t]he burden of providing a complete record, defined as evidence complete and detailed enough to enable the [Commissioner] to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). *See also Culp v. Comm'r*, 529 F. App'x 750, 751 (6th Cir. 2013) ("[T]he ALJ did not have a special duty to develop the record because Culp was represented by counsel.").

With no supporting clinical evidence from Dr. Graves, the ALJ looked to the independent medical examination/evaluation performed by Cheryl Lerchin, M.D. [ECF No. 15-2, Tr. 18-19, citing ECF No. 15-8, Tr. 452-56]. Dr. Lerchin commented that Hatfield's physical examination was objectively normal and imaging studies of her spine provided evidence of only mild degenerative changes. [ECF No. 15-8, Tr. 455]. The ALJ also considered and gave great weight to the medical examination and opinions provided by Harold Nims, D.O. [ECF No. 15-2, Tr. 18, citing ECF No. 15-7, Tr. 377-81]. After examining Hatfield and reviewing the imaging studies of her spine, Dr. Nims opined that Hatfield had normal function, strength and range of motion in both arms and legs, and that her ability to perform work-related activities such as bending, stooping, lifting, walking, crawling, squatting, carrying and traveling as well as pushing and pulling heavy objects was not impaired based on his objective examination findings. [ECF No. 15-7, Tr. 381].

The ALJ appropriately considered Dr. Graves's opinions and did not err in concluding that the clinical and diagnostic evidence before him failed to support the work-preclusive opinions of Dr. Graves.

**B.**

Hatfield also argues that the ALJ committed reversible error by disregarding the opinion of her treating chiropractor. Hatfield acknowledges that Aaron Blossom, D.C., is not an "acceptable medical source" under 20 C.F.R. 404.1513(a), and thus his opinion is not entitled to controlling weight. But she argues that the ALJ erred by rejecting Blossom's opinion out-of-hand.

The opinions of other sources cannot establish disability, but they should be evaluated on key issues such as impairment severity and functional effects, along with other evidence. *Engebrecht v Comm'r of Soc.Sec.*, 572 F. App'x 392, 397-98 (6th Cir. 2014). Contrary to Hatfield's assertion, the ALJ did evaluate Dr. Blossom's opinion, including statements that Hatfield will have "permanent symptoms and problems" that can be relieved but not corrected and that she will need chiropractic care forever and "never be normal." [ECF No. 15-2, Tr. 19-20]. The ALJ expressly evaluated Dr. Blossom's statement on the key issue of functional limitation and concluded that it did not set forth any. [*Id.*]. The Court finds no error.

## C.

Hatfield's remaining challenge relates to the ALJ's rejection of her testimony regarding her limitations. The ALJ found that Hatfield's "statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record." [ECF No. 15-2, Tr. 15-16]. The ALJ's decision postdates Social Security Ruling 16-3p, which eliminates use of the term "credibility" from official policy and clarifies that a "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2016 WL 1119029, at *1. *See also Rhinebolt v. Comm'r of Soc. Sec.*, No. 2:17-CV-369, 2017 WL 5712564, at *8 (S.D. Ohio Nov. 28, 2017), adopted, 2018 WL 494523 (S.D. Ohio Jan. 22, 2018) (noting that under SSR 16-3p, "an ALJ must focus on the consistency of an individual's statements about the intensity, persistence and limiting effects of symptoms, rather than credibility.").

Despite the linguistic clarification, courts continue to rely on pre-SSR 16-3p authority providing that the ALJ's credibility determinations are given great weight. *See, e.g., Kilburn v. Comm'r of Soc. Sec.*, No. 1:17-CV-603, 2018 WL 4693951, at *7 (S.D. Ohio Sept. 29, 2018); *Duty v. Comm'r of Soc. Sec.*, No. 2:17-CV-445, 2018 WL 4442595, at *6 (S.D. Ohio Sept. 18,

2018). Thus, an ALJ's subjective symptom evaluation should not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). At the same time, "such determinations must find support in the record." *Rogers*, 486 F.3d at 241.

Hatfield argues that the ALJ did not adequately explain his rejection of her testimony regarding her inability to stand or sit for extended periods of time, and her difficulty using her hand, knees and shoulder, and her struggles with depression. [ECF No. 17, PageID.615]. She summarizes her subjective statements about her activities of daily living, arguing that her limitations are work-preclusive according to the testimony of the VE. [*Id.*]. But Hatfield's cursory argument offers little to rebut the ALJ's reasoning, which is based on an extensive review of the medical record and cites unremarkable or mildly abnormal imaging studies of her spine and knees, improvement and relief after series of epidural injections, non-compliance with physical therapy, notes that she could ambulate independently, perform her normal daily routine, including household chores and cleaning tasks upon completing a course of physical therapy for her knee, and chiropractic treatment notes reflecting progress, improvement and relief from pain and activities such as lifting. [ECF No. 15-2, Tr. 16-18].

When a claimant's subjective complaints regarding her symptoms, their intensity or their persistence are not supported with by objective evidence, the ALJ is required to consider the entire record. *Rogers*, 486 F.3d at 247. "Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect." *Id.* at 248. Here, the ALJ sufficiently detailed the inconsistency between Hatfield's claims of disabling symptoms and the medical evidence. Thus, the Court finds no reason to disturb the ALJ's subjective symptom evaluation.

### III.  CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion [ECF No. 21] be **GRANTED**; that Hatfield's motion [ECF No. 17] be **DENIED**; and the ALJ's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: October 16, 2018

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

13

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 16, 2018.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager